IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL ESPINOZA HERNANDEZ, | ) | |
| ID # 45600-177, | ) | |
|     Movant, | ) | No. 3:14-CV-0858-B (BH) |
| vs. | ) | No. 3:12-CR-0432-B |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Referred to U.S. Magistrate Judge |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Israel Espinoza Hernandez ("Movant"), an inmate currently incarcerated in the federal prison system, filed a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Mot.") pursuant to 28 U.S.C. § 2255 challenging his federal conviction and sentence in Cause No. 3:12-CR-0432-B. The respondent is the United States of America ("Government").

On December 18, 2012, Movant was charged by indictment with illegal reentry after removal. (*See* Indictment, doc. 1).[1] On February 19, 2013, Movant pled guilty, and he was sentenced to 50 months imprisonment on May 23, 2014. (*See* Judgment, doc. 24). The Fifth Circuit dismissed Movant's direct appeal on February 18, 2014, in an unpublished opinion. *United States v. Hernandez*, No. 13-10599 (5th Cir. Feb. 18, 2014). On March 3, 2014, Movant signed his motion to vacate; the Court received it on March 6, 2014. As of this date, he has not filed a petition for certiorari with the Supreme Court, and his time for doing so will not expire until May 19, 2014.

---

[1] All document numbers refer to the docket number assigned in the underlying criminal action.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

The Fifth Circuit has long held that motions to vacate under § 2255 are "not entitled to consideration on the merits" when the direct appeal remains pending. *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). This is because "'the disposition of the appeal may render the motion moot.'" *United States v. Fantozzi*, 90 Fed. App'x 73 (5th Cir. 2004) (quoting *Welsh v. United States,* 404 F.2d 333 (5th Cir.1968), *abrogated on other grounds, United States v. Ortega,* 859 F. 2d 327 (5th Cir.1988)). Here, the Fifth Circuit has already rendered its decision on direct appeal in this case. Movant's ninety days to file a petition for certiorari with the Supreme Court, *see* S. Ct. Rule 13.1, does not expire until May 19, 2014, however.

The Supreme Court has held that when a federal prisoner does not file a petition for certiorari, the conviction becomes final for purposes of limitations when the time for filing a petition expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). The Fifth Circuit has not specifically addressed the issue of whether a § 2255 motion filed before a conviction becomes final should be considered. *See United States v. Judd*, 77 Fed. App'x 728 (5th Cir. 2003) (noting that the district court had dismissed a § 2255 motion filed before a conviction became final as premature but finding no jurisdiction to review the dismissal because no notice of appeal had been filed). As the Third

Circuit has noted, a federal criminal defendant retains his right to seek to overturn the appellate court's decision during the ninety-day period for filing a petition for certiorari. *Kapral v. United States*, 166 F3d 565, 571 (3rd Cir. 1999). If a defendant decides to seek further review in the Supreme Court, the disposition by the Supreme Court could render his § 2255 motion moot. The same reasoning for not considering § 2255 motions while direct appeal is pending therefore also appears to apply in this context. *See Fantozzi*, 90 Fed. App'x 73 (disposition of direct appeal could render motion moot). "Only when the time for seeking certiorari review has expired is it appropriate for a defendant to commence a collateral attack on the conviction and sentence." 166 F.3d at 571.

Because Movant's time for filing a petition for certiorari with the Supreme Court has not yet expired, and will not expire until May 19, 2014, his conviction is not final. This Court should therefore not entertain his motion to vacate and should summarily dismiss it as provided by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, without prejudice to re-filing once his conviction becomes final.

### III. RECOMMENDATION

The Court should **DISMISS WITHOUT PREJUDICE** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 7th day of March, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE